IN THE UNITED STATES FOR THE COURT OF APPEALS
FOR THE FIRST CIRCUIT

| | |
|---|---|
| STERI-TECH, INC. | * |
| *Petitioner* | * |
| v. | * |
| | APPEAL No. **24-1072** |
| US ENVIRONMENTAL PROTECTION AGENCY, REGION II, CARIBBEAN ENVIRONMENAL PROTECION DIVISION | * |
| *Respondent* | * |

*************************************************************

## PETITIONER'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD

TO THE COURT OF APPEALS:

**COMES NOW**, Petitioner Steri-Tech, Inc. (hereinafter "Petitioner") represented by counsel and very respectfully states and prays as follows:

**I.    Background**

1.     Pursuant to this Honorable Court's Order, Respondent United States Environmental Protection Agency ("EPA") was granted leave to defer filing the *Administrative Record*, which it limited to materials up through **October 23, 2023**—the date on which the EPA issued the *Administrative Compliance Order* now under review.

2. However, the *Administrative Record* as currently filed is materially incomplete and inadequate for meaningful judicial review under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A).

## II. Petitioner's Legal Grounds for Supplementation

3. Petitioner respectfully submits that the *Administrative Compliance Order* under review was issued prematurely on **October 23, 2023**, and without substantial evidentiary support, at a time when Petitioner was actively coordinating performance testing of its newly installed Catalytic Recuperative Oxidizer ("CRO") as part of its compliance with the EPA's demands under a protocol recently approved by the EPA. (See *Brief for the Petitioner*, at pp. 4–8, 17-21.)

4. Indeed, the EPA did not approve the CRO's final Test Protocol until **September 29, 2023**, and the required performance testing was scheduled to take place on **November 8–9, 2023**—after the issuance of the *Administrative Compliance Order*.[1] The EPA was fully aware of these developments, and, in fact, its officials were present during portions of the scheduled testing. (*Brief*, pp. 20–21, ¶¶38–39.)

---

[1] Performance tests require mobilization of sophisticated and dedicated equipment and sampling materials, plus expert contractors that are scarce and have to accommodate their schedules to those of the agencies' personnel, state and federal. Thus, coordinating testing dates is not under Petitioner's control.

5. Prior to the filing of this motion, counsel for Petitioner formally requested that the EPA include within the *Administrative Record* a set of specific, official documents reflecting Petitioner's continued compliance efforts, including testing coordination and post-Order communications, including those that are part of Petitioner's response to a *Notice of Violation* (NOV) issued on the same date, **October 23, 2023**. The EPA declined to include these materials. The documents Petitioner requested are as follows (with references to the *Brief for the Petitioner)*:

1. Notice of Violation CAA-02-2024-1305 (October 23, 2023), (*Brief*, pp. 21-22, ¶¶40-41).

2. Letter from Steri-Tech to EPA (November 9, 2023) (*Brief*, pp. 22-23, ¶44).

3. Steri-Tech's Response to NOV CAA-02-2024-1305 (November 10, 2023) (*Brief*, p. 23, ¶46).

4. Revision of the Test Protocol (December 27, 2023). (*Brief*, p. 23, ¶47).

5. EPA's RFI Letter to Steri-Tech (January 4, 2024). (*Brief*, p. 24, ¶51).

6. Steri Tech's Enclosure 1 Response to RFI (February 20, 2024). (*Brief*, p. 24, ¶51).

7. Certification of Enclosure 1 Steri-Tech's Response to RFI (February 20, 2024). (*Brief*, p. 24, ¶51).

8. Steri-Tech's Response to RFI (February 21, 2024). (*Brief*, p. 24, ¶51).

9. Test Report attached to Response to RFI (February 21, 2024). (*Brief*, p. 24, ¶52).

10. Letter from EPA to Steri-Tech by Buettner (March 6, 2024). (*Brief*, p. 24, ¶51).

11. Revised Test Report for Aeration Room Vent (April 1, 2024). (*Brief*, p. 24, ¶52).

12. Revised Test Report for Sterilization Chamber Vent and ARV Exhaust (April 1, 2024). (*Brief*, p. 24, ¶52).

### III. Controlling Precedent: Exceptions to the Rule Against Supplementation

6. This First Circuit Court of Appeals has recognized several exceptions to the general rule against record supplementation. Citing the case of *City of Taunton v. EPA,* 895 F. 3d 120 (1st Cir. 2018), the Court recently reaffirmed in *Housatonic River Initiative v. United States EPA*, 75 F.4th 248 (1st Cir. 2023):

> "*We have... recognized several exceptions to the rule against record supplementation.* **For example, supplementation is permissible where there is a 'strong showing of bad faith or improper behavior' by the agency**. Town of Winthrop v. FAA*, 535 F.3d 1, 14 (1st Cir. 2008) (quoting* Olsen v. United States*, 414 F.3d 144, 155 (1st Cir. 2005)). We may also supplement the record '**to facilitate our comprehension of the record or the agency's decision,**' particularly when 'highly technical, environmental matters' are at issue or when the agency has 'fail[ed] to explain administrative action as to frustrate effective judicial review.'* City of Taunton*, 895 F.3d at 127 (quoting Valley Citizens for a Safe Env't v. Aldridge, 886 F.2d 458, 460 (1st Cir. 1989))."* Id. Emphasis ours.

### IV. Why the Supplemental Material Is Directly Relevant

7. The requested supplemental documents are not ancillary; they are central to the legal and factual issues presented in Steri-Tech's *Petition for Review*. As detailed in *Brief for the Petitioner* (see *Statement of Facts*, ¶¶ 35–52; Argument Section A and C), these materials directly support Petitioner's argument that the EPA acted arbitrarily and capriciously by issuing the *Administrative Compliance Order* during an ongoing and active performance testing process—without awaiting results or considering post-submission documentation. Specifically, the documents are necessary for the Court to evaluate:

- Whether the EPA's issuance of the *Administrative Compliance Order*, while Petitioner was actively preparing for and conducting performance testing of the newly installed Catalytic Recuperative Oxidizer (CRO), was arbitrary and capricious in violation of the Administrative Procedure Act (APA), 5 U.S.C. § 706(2)(A). The excluded documents include communications confirming that testing was scheduled for just days after the *Administrative Compliance Order was issued*, **November 2023**.

- Whether the EPA failed to consider critical compliance information already in its possession, including evidence that EPA officials attended the tests or had received reports indicating that Petitioner's emissions control equipment had met the applicable NESHAP Subpart O requirements. These materials illustrate that Petitioner coordinated with the agency, followed approved test protocols, and addressed testing deficiencies.

- Whether the post-*Order* testing and regulatory correspondence, including results from the **November 2023** and **January 2024** tests, render portions of the *Order* moot for purposes of judicial review. The performance test results, as described in the *Brief* (see ¶¶ 45–52), confirmed that the CRO achieved or approached compliance with the

5

required Destruction and Removal Efficiency (DRE), thereby negating the basis for continued enforcement.

8. These documents directly rebut the EPA's claim that Petitioner failed to demonstrate compliance and are essential for the Court to engage in the "probing, in-depth review" of agency action required under *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 416 (1971), and reaffirmed in *Penobscot Air Servs., Ltd. v. FAA*, 164 F.3d 713, 720 (1st Cir. 1999). Without them, the record omits the very evidence that goes to the core of whether the agency's action was arbitrary and capricious.

### IV. Relief Requested

Accordingly, Petitioner respectfully requests that this Honorable Court grant leave to supplement the *Administrative Record* with the twelve (12) official documents described above; or in the alternative, direct the parties to confer and file a joint (or separate) proposal identifying the supplemental materials within a reasonable timeframe.

**WHEREFORE**, Petitioner respectfully requests that the Court grant this *Motion to Supplement the Administrative Record* and award such other and further relief as may be just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 29th day of April 2025.

| | |
|---|---|
| */s/Lizabel M. Negrón-Vargas*<br>Lizabel M. Negrón-Vargas, Esq.<br>USCA-01 15106<br>Tel: 787-392-0450 Fax: 787-281-0708<br>PO Box 360764<br>San Juan, PR 00936-0764<br>lizanegron@yahoo.com | */s/ Rafael A. Toro-Ramírez*<br>Rafael A. Toro-Ramírez<br>rtoro@toro-arsuaga.com<br>USCA-01 27304<br><br>TORO & ARSUAGA, LLC<br>P.O. Box 11064<br>San Juan, P.R. 00922-1064<br>Tel 787.299-1100<br>Fax 787.793.1146 |

## CERTIFICATE OF SERVICE FOR ELECTRONIC FILING

I hereby certify that on this same date, *April 29, 2025,* I electronically filed with the United States Court of Appeals for the First Circuit by using the CM/ECF system, ***Petitioner's Motion to Supplement the Administrative Record***.

I certify that counsel for record for the adverse and interested parties are registered as ECF Filers and included in the Service List with preference of e-mail service, and as such they will be automatically served copies by the CM/ECF system.

In San Juan, Puerto Rico, this 29th day of April 2025.

| | |
|---|---|
| */s/Lizabel M. Negrón-Vargas*<br>Lizabel M. Negrón-Vargas, Esq.<br>USCA-01 15106<br>Tel: 787-392-0450 Fax: 787-281-0708<br>PO Box 360764<br>San Juan, PR 00936-0764<br>lizanegron@yahoo.com | */s/ Rafael A. Toro-Ramírez*<br>Rafael A. Toro-Ramírez<br>rtoro@toro-arsuaga.com<br>USCA-01 27304<br><br>TORO & ARSUAGA, LLC<br>P.O. Box 11064<br>San Juan, P.R. 00922-1064 |

7

Tel 787.299-1100
Fax 787.793.1146