# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

| | |
|---|---|
| STERI-TECH, INC., *Petitioner*, v. U.S. ENVIRONMENTAL PROTECTION AGENCY, *Respondent*. | No. 24-1072 |

## EPA'S OPPOSITION TO PETITIONER'S MOTION TO SUPPLEMENT THE RECORD

When the Court reviews agency actions, it considers only the information that was before the agency when it made its final decision. Materials that the agency did not consider in issuing the challenged decision—including, by definition, materials that post-date the agency decision under review—are not a part of the administrative record. Here, Steri-Tech seeks review of a single EPA order. Yet Steri-Tech asks this court to look beyond EPA's administrative record to consider information that was not before the Agency when it issued the Order, including information that post-dates the order under review. In any event, those documents would not aid the Court's review of the challenged order. The Court should deny Steri-Tech's motion.

1

# BACKGROUND

Steri-Tech operates an ethylene oxide sterilization facility in Salinas, Puerto Rico. *See* Petition Ex. A at 7 (Doc. 00118098120). Ethylene oxide is a hazardous pollutant regulated under the Clean Air Act. *See* 42 U.S.C. § 7412; *see also* 40 C.F.R. Part 63, Subpart O. §§ 63.360 *et seq.* (codifying Ethylene Oxide Emission Standards for Sterilization Facilities). Over the years, Steri-Tech repeatedly failed to operate the facility in compliance with regulations or its operating permit. *See* Pet'r's Mot. at 8–10 (Doc. 00118278845). Accordingly, in June 2021, EPA issued a Notice of Violation to Steri-Tech. *Id.* at 10.

Over the next two years, EPA worked with Steri-Tech to try to help Steri-Tech come into compliance and to verify that compliance with a satisfactory performance test. But despite repeated attempts, Steri-Tech failed to produce adequate testing and data so could not demonstrate compliance with the applicable regulations and its operating permit. *Id.* at 11. After EPA rejected Steri-Tech's performance test results in April 2022, Steri-Tech began a process of switching to a new emission control device. *Id.* at 11. Steri-Tech received a modified operation permit for the new emission control device in October 2022, *id.* at 12, but due to a series of setbacks it could not continuously operate that control device until September 4, 2023, *id.* at 13.

To ensure that Steri-Tech would come into compliance, EPA issued an Administrative Compliance Order on October 23, 2023. *Id.* at 20. First, the Order instructed Steri-Tech to disconnect the old (now unpermitted) emission control device that Steri-Tech previously operated at the facility. *Id.* at 15. Second, the Order instructed Steri-Tech to conduct the required performance test of its new emission control device in accordance with regulations and with EPA-approved testing protocols and to timely report the results of that test to EPA. *Id.* The Order imposed a deadline of November 10, 2023, for Steri-Tech to complete the performance test, *see id.*—a later date than the deadline Steri-Tech already had set for itself for conducting the performance test, *see id.* at 13. The Order instructed Steri-Tech to submit a final test report to EPA within 60 days of completing the performance test, *see id.*, the same timeframe required by regulation, *see* 40 C.F.R. § 63.7(g).

Steri-Tech petitioned this Court for review of the Order in January 2024. EPA certified the administrative record for the Order in February 2024. Now, over a year later and the day *after* filing its opening brief, Steri-Tech asks this Court to supplement EPA's administrative record.

## **ARGUMENT**

Because the Court's sole task on judicial review is to determine whether EPA acted reasonably "in light of the information it confronted," *Bradley v.*

3

*Weinberger*, 483 F.2d 410, 415 (1st Cir. 1973), that review is based solely "on the information available to the agency when it made its final decision," *Gulluni v. Levy*, 85 F.4th 76, 84 (1st Cir. 2023). Thus, the focal point for judicial review must be "'the administrative record already in existence, not some new record completed initially in the reviewing court.'" *City of Taunton, Massachusetts v. EPA*, 895 F.3d 120, 127 (1st Cir. 2018) (quoting *Camp v. Pitts*, 411 U.S. 138, 142 (1973)).

At the outset, most of the documents that Steri-Tech offers post-date EPA's issuance of the Order in October 2023, *see* Pet'r's Mot. at 3–4, so plainly do not belong in the record. Because documents that post-date the decision under review contain information that was not "available to the agency when it made its final decision," they must necessarily be excluded from the record. *Gulluni*, 85 F.4th at 84. For this reason alone, the Court can and should reject out of hand Steri-Tech's attempt to supplement the record with any materials post-dating the October 23, 2023 Order.

In addition, an agency's "designation of the Administrative Record . . . is entitled to a presumption of administrative regularity," and a movant bears the burden of overcoming that presumption. *Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019) (cleaned up). This Court will grant a motion to supplement the record only upon a showing (1) of "bad faith or improper behavior" by the agency or (2) that judicial review will be "frustrate[d]" if additional information is not

4

presented to "facilitate [the court's] comprehension of the record or the agency's decision." *Housatonic River Initiative v. EPA*, 75 F.4th 248, 279 (1st Cir. 2023) (cleaned up). Supplementation of the administrative record is "the exception, not the rule." *Id.*

No such exception applies here. Steri-Tech does not—and cannot—argue that EPA acted in bad faith in issuing the Order or certifying the record. Instead, Steri-Tech appears to argue that the documents in question would "facilitate [the Court's] comprehension of the record or the agency's decision." Pet'r's Mot. at 3 (quoting *Housatonic River Initiative*, 75 F.4th at 279). But none of Steri-Tech's proffered materials could facilitate the Court's comprehension of this case, because the materials are irrelevant to the sole issue here: whether EPA acted reasonably in issuing the Order. Steri-Tech never explains why the proffered extra-record documents speak to that question. Instead, Steri-Tech focuses on post-issuance questions like whether it has complied with the Order—none of which is before this Court. *See* Pet'r's Mot. at 5–6.

To the limited extent that Steri-Tech does justify its argument that the proffered materials are necessary for review, it misses the mark, because the record already contains all of the information that Steri-Tech claims is missing. For instance, Steri-Tech asserts that its extra-record materials show "that testing was scheduled for just days after the Administrative Compliance Order was issued,

5

November 2023." Pet'r's Mot. at 5 (emphasis omitted). But the Order itself confirms that timeline. *See* Petition Ex. A. at 13, 15. Likewise, the Order already conveys that "Petitioner coordinated with the agency" leading up to the required performance test. Pet'r's Mot. at 5; *see* Petition Ex. A. at 10–13 (recounting coordination between Steri-Tech and EPA on the test schedule and submission of the test protocol). Steri-Tech thus fails to demonstrate that the proffered extra-record materials would contribute to the Court's comprehension of the record *at all*, let alone that they are necessary to facilitate the Court's adjudication of this case.

Finally, the sole document that arguably predates the Order—a Notice of Violation that EPA issued Steri-Tech earlier in the same day on October 23, 2023—is no more relevant to the Court's review than are the later documents that Steri-Tech cites. EPA decided to the Order after several *years* of documented noncompliance by Steri-Tech. *See, e.g.*, Petition Ex. A at 10 (discussing previous Notice of Violation issued in June 2021). EPA based the Order on that extensive record of noncompliance, not the separate notice of violation that EPA issued to Steri-Tech a few hours before it issued the Order. Indeed, the Order makes no reference to the October 2023 Notice of Violation that Steri-Tech seeks to add to the record, reinforcing the fact that this separate enforcement document was not relevant to EPA's decision to issue the Order.

# **CONCLUSION**

For these reasons, the Court should deny Steri-Tech's motion.

Respectfully submitted,

May 9, 2025

ADAM R.F. Gustafson
*Acting Assistant Attorney General*

 */s/ Samuel B. Stratton*
SAMUEL B. STRATTON
U.S. Department of Justice
Env't & Natural Resources Div.
P.O. Box 7611
Washington, D.C.
(202) 514-6535
samuel.stratton@usdoj.gov

*Of Counsel*:
ERICK IHLENBERG
LILLIANA VILLATORA
   U.S. Environmental Protection
   Agency, Office of General
   Counsel

# CERTIFICATE OF COMPLIANCE

I certify that the foregoing document complies with the requirements of Fed. R. App. P. 27(d) because it contains 1285 words and is formatted in double-spaced, 14-point Times New Roman font.

DATE:  May 9, 2025                               Respectfully submitted

*/s/ Samuel B. Stratton*
Samuel B. Stratton

# CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2025, I filed the foregoing document via the Court's CM/ECF system, which will provide electronic notice to all registered counsel.

*/s/ Samuel B. Stratton*
Samuel B. Stratton