IN THE UNITED STATES FOR THE COURT OF APPEALS
FOR THE FIRST CIRCUIT

| | |
|---|---|
| **STERI-TECH, INC.** | * |
| *Petitioner* | * |
| v. | * |
| | APPEAL No. **24-1072** |
| US ENVIRONMENTAL PROTECTION AGENCY, REGION II, CARIBBEAN ENVIRONMENTAL PROTECTION DIVISION | * * |
| *Respondent* | * |

**PETITIONER'S REPLY TO EPA'S RESPONSE TO *MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD***

TO THE COURT OF APPEALS:

**COMES NOW**, Petitioner Steri-Tech, Inc. (hereinafter "Petitioner") Petitioner Steri-Tech, Inc. respectfully submits this reply to Respondent EPA's opposition to its *Motion to Supplement the Administrative Record*.

### I. The First Circuit Permits Supplementation to Facilitate Judicial Review

The EPA asserts that record supplementation should be limited to circumstances involving bad faith or materials that predate the agency's decision. This is incorrect. In *Housatonic River Initiative v. EPA*, 75 F.4th 248, 279 (1st Cir. 2023), this Court specifically reaffirmed that supplementation is appropriate where it facilitates the Court's comprehension of the agency's

decision, especially in highly technical environmental matters. No showing of bad faith is necessarily required. See also *City of Taunton v. EPA*, 895 F.3d 120, 127 (1st Cir. 2018), affirming supplementation is permissible where necessary to explain agency action or to facilitate judicial review.

II. **The EPA's October 23, 2023, *Administrative Compliance Order* Was Issued in a Highly Technical Context**

This case involves performance testing under NESHAP Subpart O. The documents Petitioner seeks to include clarify the technical, procedural, and compliance context—such as scheduling correspondence, revised protocols, and EPA's own post-order communications acknowledging ongoing coordination.

This Circuit has allowed supplementation where agency action must be understood in light of evolving technical facts. See, City of Taunton 895 F.3d at 127, citing, Town of Winthrop v. FAA, 535 F.3d 1, 14 (1st Cir. 2008) and Olsen v. United States, 414 F.3d 144, 155-56 (1st Cir. 2005).

The October 23, 2023, *Order* was issued even though Petitioner was actively coordinating performance testing under a protocol that EPA itself approved on September 29, 2023. Documents sought for supplementation confirm that testing had been scheduled, and that EPA officials were aware of its timing.

### III. The Record is Incomplete and Fails to Reflect Key Aspects of the Agency's Knowledge

The EPA contends that all relevant facts are found in the *Order*. But it overlooks that Steri-Tech made formal requests to the agency that specific documents be included in the record. These include the revised test protocol, EPA's correspondence acknowledging the schedule, and performance test results—all directly related to the compliance process and EPA's prior knowledge. The omission of these materials frustrates judicial review. To wit:

- The September 29, 2023, EPA-approved test protocol;

- Petitioner's letters of November 9 and 10, 2023, updating EPA on scheduled testing;

- The test report submitted on February 21, 2024;

- EPA's March 6, 2024, response;

- Revised reports reflecting key emissions data.

These documents show that EPA had knowledge of Petitioner's compliance efforts and had an opportunity to await imminent testing results before issuing its Order.

### IV. Post-Dated Documents are Admissible When They Clarify Context and Agency Awareness

The EPA summarily dismisses all post-dated documents. But courts permit supplementation with documents that are closely related in subject

3

matter and show whether the agency ignored important compliance developments. See *Valley Citizens for a Safe Env't v. Aldridge*, 886 F.2d 458, 460 (1st Cir. 1989). That many documents were created shortly after the *Order*—and some reflect pre-*Order* planning—is not a bar to their inclusion when judicial review requires technical clarity. The fact that several documents post-date the *Order* does not preclude supplementation, as this Court has held that supplementation is permissible to "facilitate understanding of the agency's decision," even when materials were not explicitly before the agency at the time. See *Valley Citizens for a Safe Env't v. Aldridge*, 886 F.2d at 460.

## V. The Presumption of Regularity is Rebutted

Petitioner requested that the EPA include these materials, and the EPA refused. This refusal, along with the record's silence regarding acknowledged technical and procedural developments, rebuts the presumption that the agency's certification is complete. *City of Taunton*, 895 F.3d at 127. The EPA cannot unilaterally exclude explanatory or adverse documents and then rely on a presumption of regularity to shield judicial scrutiny.

## CONCLUSION

These supplemental materials are not duplicative or collateral. They directly address whether EPA considered relevant compliance activity and whether the Order was issued prematurely. To ensure meaningful review under the Administrative Procedure Act, supplementation is not only appropriate but necessary. Petitioner respectfully renews its request that the Court grant the Motion to Supplement the Administrative Record.

**WHEREFORE**, Petitioner respectfully requests that the Court grant this *Motion to Supplement the Administrative Record* and award such other and further relief as may be just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 15th day of May 2025.

*/s/Lizabel M. Negrón-Vargas*
Lizabel M. Negrón-Vargas, Esq.
USCA-01 15106
Tel: 787-392-0450 Fax: 787-281-0708
PO Box 360764
San Juan, PR 00936-0764
lizanegron@yahoo.com

*/s/ Rafael A. Toro-Ramírez*
Rafael A. Toro-Ramírez
rtoro@toro-arsuaga.com
USCA-01 27304

TORO & ARSUAGA, LLC
P.O. Box 11064
San Juan, P.R. 00922-1064
Tel 787.299-1100
Fax 787.793.1146

**CERTIFICATE OF SERVICE FOR ELECTRONIC FILING**

I hereby certify that on this same date, <u>**May 15, 2025,**</u> I electronically filed with the United States Court of Appeals for the First Circuit by using the CM/ECF system, <u>***Petitioner's Reply to EPA's Response to Motion to Supplement the Administrative Record***</u>.

I certify that counsel for record for the adverse and interested parties are registered as ECF Filers and included in the Service List with preference of e-mail service, and as such they will be automatically served copies by the CM/ECF system.

In San Juan, Puerto Rico, this 15th day of May 2025.

| | |
|---|---|
| */s/Lizabel M. Negrón-Vargas* | */s/ Rafael A. Toro-Ramírez* |
| Lizabel M. Negrón-Vargas, Esq. | Rafael A. Toro-Ramírez |
| USCA-01 15106 | rtoro@toro-arsuaga.com |
| Tel: 787-392-0450 Fax: 787-281-0708 | USCA-01 27304 |
| PO Box 360764 | |
| San Juan, PR 00936-0764 | TORO & ARSUAGA, LLC |
| lizanegron@yahoo.com | P.O. Box 11064 |
| | San Juan, P.R. 00922-1064 |
| | Tel 787.299-1100 |
| | Fax 787.793.1146 |